A.W. PONATH, Acting Corporation Counsel, Outagamie County
You have requested the informal advice of this office on several questions arising out of a proposed resolution of the Outagamie County Board providing a method for furnishing counsel to indigent criminal defendants.
The resolution, which you indicate has been endorsed by the county and circuit judges, requests the judges to designate a "panel" of two attorneys to represent such defendants, and to negotiate contracts for their employment on part-time, month-to-month basis. Under the plan, one of the two attorneys would be selected by the presiding judge in any case (with the provision that other counsel could be appointed if the judge determined that neither attorney would be able* to fairly represent the defendant), and their compensation, paid by the county, could not exceed $500 per month.
You have raised several questions, which will be considered individually. *Page 181 
(1) The County Board's authority to adopt the resolution.
You have indicated that the board may lack authority to pass such a resolution. I disagree. The system authorized by the resolution is designed to secure legal services for indigents at reasonable cost to the county and is, in my opinion, within the legislative grant of general police powers under sec. 59.07 (64), Stats. It should be noted that the judges do indeed "appoint" counsel — although from the panel rather than the bar at large — and that the county is not establishing a defender's office, but is merely continuing to support appointed counsel at the same level of service, but at lower cost to the county.
(2) Subsequent recovery of costs from the indigent.
You indicate that under existing practices the county is able to recover from the indigent, at such time as he becomes financially able, the legal fees paid for his benefit; and you ask whether such recovery will continue to be available to the county under the proposed plan. I see no reason why not. The county would have "paid for" the indigent's defense within the meaning of sec. 256.66, Stats., which authorizes recovery of such costs. Problems would arise, of course, in the allocation of such portion of the $500 monthly stipend properly "chargeable" to a given indigent in a given case. I assume, however, that these problems could be solved through efficient accounting and timekeeping practices.
(3) Competency of counsel.
You indicate concern over the fact that the attorneys named to the panel are likely to be recruit law school graduates and ask whether this factor might give indigents the right, to complain that they were not given the benefit of competent counsel.
Obviously, any defendant has a right to competent representation — and the ancillary right to complain that he was not competently represented in a given case. This is true whether counsel is retained or appointed, and determinations are made on a case-by-case basis. Certainly there is no presumption — and, in fact, little validity to the assumption *Page 182 
— that a young lawyer is less competent than an older one; and it is my opinion that your proposed system would not give rise to any competency-of-counsel problems that are not present in any other criminal case.
(4) "Fee" problems.
You question whether the setting of a $500 monthly stipend to each of the two members of the panel invades the prerogatives of the State Bar Association and its practice of setting minimum fees for attorneys.
Section 967.06, Stats., provides for compensation of counsel appointed to represent indigent defendants, and states that the amount, as set by the court, ". . . shall be such as is customarily charged by attorneys of this state for comparable service. . . ." Judges have consistently interpreted this requirement in relation to the published fee schedules of the State Bar Association — generally two-thirds of the schedule.
While there may well be some inconsistencies between such practices and the "monthly retainer" aspects of your plan, I cannot believe that sec.967.06, Stats., would be interpreted so as to prohibit a plan such as this — a plan that would provide efficient and effective representation of indigents at substantial savings to the county.
I do, therefore, informally advise you that I see no objection to the plan or the resolution itself.
RWW:WFE
* The text of the resolution reads ". . . neither . . . would . . . be unsuited . . . to fairly represent. . . ." The double negative should be corrected in order to express the intended meaning.